## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DESIREE TRUJILLO,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

_____

## NOTICE OF REMOVAL
_____

    Defendant State Farm Mutual Automobile Insurance Company ("State Farm)," pursuant to 28 U.S.C. § 1446, hereby removes the above-referenced action from the District Court, City and County of Denver, Colorado, based on the following:

    1.    The above action was filed in the District Court, City and County of Denver, Colorado, and is now pending before that Court. A copy of the Complaint is attached as Ex. A. A copy of the District Court Civil (CV) Case Cover Sheet is attached as Ex. B. A copy of the Summons is attached as Ex. C. A copy of the Delay Reduction Order is attached as Ex. D. A copy of the Affidavit of Service on State Farm is attached as Ex. E. A copy of the Pretrial Order is attached as Ex. F. A copy of the Answer filed on February 16, 2018 is attached as Ex. G. No other filings have occurred in the state court case.

    2.    The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as it is a civil action between parties of diverse citizenship, involving an amount alleged to be in

controversy exceeding $75,000.00, exclusive of interest and costs.

3. Plaintiff is a citizen of the State of Colorado. *See* Ex. A, "Plaintiffs' Address". State Farm is a citizen of the State of Illinois, as it is an Illinois corporation with its principal place of business in Illinois. *See* Ex. A, ¶ 2; *see also* State Farm's listing with the Colorado Secretary of State business search website.[1] There is thus diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332(c)(1).

4. This action involves an amount alleged to be in controversy exceeding $75,000, exclusive of interest and costs. The civil cover sheet filed in the state court action establishes that the amount in controversy exceeds $75,000. *See* Ex. B, ¶ 2: "This case is not governed by C.R.C.P. 16.1 because . . . A monetary judgment over $100,000 is sought by any party against any other single party"; *Paros Properties, LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) (Colorado state court civil cover sheet indicating amount sought is greater than $100,000 suffices to start "removal clock" for purposes of 28 U.S.C. § 1446).

5. Plaintiff's allegations in her Complaint also support an amount in controversy exceeding $75,000. This action arises from a motor vehicle accident involving the Plaintiff. Plaintiff alleges that she is entitled to an award of $50,000 in underinsured motorist (UIM) benefits and $5,000 in medical payment coverage (MPC) benefits under a policy issued by State Farm for injuries alleged from the accident; double the UIM insurance benefit for denial of that benefit, double the benefit of $5,000 for MPC benefits for delay of that benefit, and attorneys'

---

[1] From a search for State Farm Mutual Automobile Insurance Company, at http://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&entityId2=19871032828&srchTyp=ENTITY&fileId=19871032828&masterFileId=19871032828. This Court may take judicial notice of this information pursuant to Fed.R.Evid. 201(b)(2).

fees pursuant to Colo. Rev. Stat. §§ 10-3-1115 and 1116; and other damages from State Farm's alleged bad faith breach of insurance contract. *See* Ex. A, ¶ 14 (State Farm policy included UIM coverage of $50,000 per person/$100,000 per accident and $5,000 in MPC benefits); ¶¶ 10, 11 and 12 (Plaintiff claims the accident caused injuries and damages to her spine necessitating transforaminal epidural steroid injections as well as a left L5-S1 microdiscectomy); ¶ 53 (State Farm "breached its contract of insurance" as it has "refused to pay Plaintiff underinsured motorist benefits owed under the policy"); ¶¶ 42 and 43 (State Farm has denied and/or delayed payment of underinsured motorist and medical payments benefits); ¶ 58 (Plaintiff is entitled to recover "two times the covered benefits plus reasonable attorney's fees" pursuant to C.R.S. § 10-3-1116); and ¶ 64 (State Farm's asserted bad faith breach of the State Farm policy caused Plaintiff damages).

6. Given the nature of Plaintiff's alleged injuries, her claim for $50,000 in UIM policy benefits, and her further claims for a penalty of $100,000.00 based on that amount and of $10,000 based on the amount of MPC benefits, for attorneys' fees, and for other additional alleged damages, the asserted amount in controversy in this action exceeds $75,000.

7. Accordingly, State Farm has demonstrated by a preponderance of the evidence that it is entitled to remove this action pursuant to 28 U.S.C. § 1446(a). *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

Respectfully submitted,

*s/ Katherine K. Kust*
Jon F. Sands
Katherine K. Kust
Sweetbaum Sands Anderson PC
1125 Seventeenth Street, Suite 2100
Denver, Colorado 80202

        Phone:  (303) 296-3377
        Fax:  (303) 296-7343
        jsands@sweetbaumsands.com
        kkust@sweetbaumsands.com

        ATTORNEYS FOR DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 20, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL, WITH EX. A-G,** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Anna N. Martinez
Patrick LeHouillier
Franklin D. Azar & Associates, P.C.
14426 E. Evans Ave.
Aurora, CO 80014


        *s/ Megan MacLennan*