| | DATE FILED: January 12, 2018 12:05 PM<br>FILING ID: B885D04BD8996<br>CASE NUMBER: 2018CV30126 |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, COLORADO<br><br>Court Address:   1437 Bannock Street<br>                          Denver, CO 80202 | |
| Plaintiff: Desiree Trujillo,<br><br>v.<br><br>Defendant: State Farm Mutual Automobile Insurance Company, a foreign corporation. | ▲COURT USE ONLY▲ |
| Anna N. Martinez, #37756<br>Patric LeHouillier, #7984<br>Franklin D. Azar & Associates, P.C.<br>14426 East Evans Avenue<br>Aurora, CO 80014<br>Phone Number: (303) 757-3300<br>Fax Number:    (303) 757-3206<br>E-Mail: martineza@fdazar.com<br>lehouillierp@fdazar.com | Case No.<br><br>Division: |
| **COMPLAINT** | |

Plaintiff, Desiree Trujillo, by and through her attorneys, Franklin D. Azar and Associates, P.C., for her Complaint against the Defendant, states and alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. This lawsuit arises from an auto collision that occurred near the intersection of 84th Avenue and the ramp at I-25, in Thornton, Colorado, Adams County.

2. The at-fault driver, William Young, was insured by Allstate Fire and Casualty Insurance Company. Allstate, on behalf of its insurer, has tendered its policy limits for injuries to Ms. Trujillo.

3. Defendant State Farm Mutual Automobile Insurance Company (hereinafter "State Farm") is a foreign corporation doing business in the State of Colorado with its Registered Agent at the Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado.

4. As State Farm is a nonresident, venue is proper in this County pursuant to C.R.C.P. 98(c)(1). The Court has jurisdiction over this matter pursuant to C.R.S. §13-1-124.

## II. GENERAL ALLEGATIONS

5. Plaintiff Ms. Trujillo was involved in a rear-end motor vehicle collision with driver William Young on October 31, 2016.

EXHIBIT A

6. Ms. Trujillo was driving a 2015 Ford Fusion insured by Defendant State Farm.

7. Mr. Young was driving a 2008 Chevrolet Avalanche, insured by Allstate.

8. As Ms. Trujillo stopped for a red light at the on-ramp of I-25 at 84th Avenue, Mr. Young failed to stop, rear-ending Ms. Trujillo.

9. Mr. Young was cited by the Thornton Police with following too closely in violation of Municipal Code 1008(1).

10. The collision caused injuries to Ms. Trujillo's lumbar spine. Ms. Trujillo sought medical attention on October 31, 2017, at the Saint Anthony North hospital on the same day of the collision, complaining of lumbar spine pain, amongst other injuries.

11. Ms. Trujillo underwent bilateral L5 transforaminal epidural steroid injections on March 2, 2017, just four months after the collision.

12. Ms. Trujillo thereafter underwent a left L5-S1 microdiscectomy on June 1, 2017, seven months after the collision.

13. Mr. Young's insurer, Allstate, accepted liability and subsequently offered its insured's policy limits of $25,000 on August 9, 2017.

14. Ms. Trujillo maintained a policy of underinsured motorist coverage with Defendant State Farm in the amount of $50,000/$100,000, and medical payments coverage in the amount of $5,000.

15. Ms. Trujillo put State Farm on notice of a claim on June 16, 2017. In her letter, Ms. Trujillo also requested that State Farm provide her counsel with a copy of her insurance policy, declarations page confirming her insurance coverages, and any signed selection/rejection forms.

16. On July 11, 2017, Ms. Trujillo submitted medical records and bills totaling $30,974.67 to State Farm, along with a request for evaluation of her claim, and payment of any benefits it determined to be owed.

17. On July 19, 2017, Ms. Trujillo inquired, telephonically, about the status of her request for a copy of her automobile insurance policy, declarations page, and selection/rejection forms.

18. On August 14, 2017, Ms. Trujillo submitted additional medical records and bills to State Farm showing that she had incurred a total of $35,021.51 in medical expenses for injuries arising from the collision.

19. On August 20, 2017, Ms. Trujillo faxed a request to State Farm seeking permission to settle her bodily injury claim with Allstate for its policy limits of $25,000.

20. State Farm gave its consent to settle on August 28, 2017.

21. On September 6, 2017, State Farm responded to Ms. Trujillo's letter requesting an evaluation of her underinsured motorist benefits. State Farm made an offer of $19,021.51 to settle her claim.

22. On that same day, Ms. Trujillo responded to State Farm's letter, requesting information about how State Farm arrived at its evaluation of Ms. Trujillo's claim. Specifically, she requested information about what medical expenses were considered and accepted, whether

medical expenses were discounted, and what amount was allocated for noneconomic damages.

23. On September 20, 2017, State Farm responded to Ms. Trujillo's letter, stating that it would be sending confirmation of coverages soon. State Farm did not enclose a copy of the declarations page, policy, or signed selection/rejection forms. State Farm did explain its evaluation of the claim, which included consideration of $35,021.51 in medical expenses, and $9,000.00 in pain and suffering. State Farm indicated that it took an offset of $25,000.00, which had been paid by Allstate.

24. On September 28, 2017, Ms. Trujillo responded to State Farm's letter, and requested that it advance the benefits State Farm determined was owed. Ms. Trujillo supplied additional information to State Farm about her associated wage loss, including documentation of her earnings. Ms. Trujillo explained that she missed 188 days of work because of her injuries, and she requested State Farm consider this additional information and re-evaluate her claim.

25. On October 3, 2017, State Farm provided a confirmation of coverages, a medical payments selection/rejection form, and underinsured motorist selection rejection form. State Farm further confirmed it would issue payment for the "undisputed" amount of $10,021.51.

26. State Farm's confirmation of coverage showed that Policy No. 218711906, covering a 2009 Toyota Matrix was issued to a co-insured, Alyssa Rios, was in effect on the date of collision, October 31, 2016, and provided $50,000/$100,000 in underinsured motorist coverage.

27. State Farm also produced a copy of a medical payments rejection form on a 2009 Toyota Matrix, Policy No. 218-711906, signed by co-insured, Alyssa Rios, on February 8, 2016.

28. State Farm did not provide a medical payments rejection form signed by Ms. Trujillo.

29. State Farm's confirmation of coverage showed that Policy No. 411120406A, covering a 2015 Ford Fusion had been issued to co-insureds Alyssa Rios and Desiree Trujillo, was in effect on the date of collision, October 31, 2016. The confirmation showed a second auto policy; this vehicle was insured for $50,000/$100,000 in liability coverage.

30. State Farm produced a copy of an uninsured/underinsured motorist coverage rejection form on a 2015 Ford Fusion, Policy No. 411120406A, signed by Desiree Trujillo on July 27, 2016.

31. State Farm failed to produce any medical payments selection/rejection form for the 2015 Ford Fusion, Policy No. 411120406A.

32. To date, State Farm has not opened a medical payments coverage claim for Ms. Trujillo in the minimal amount of $5,000 though it produced no selection/rejection form for this coverage as it pertains to Policy No. 411120406A.

33. On October 3, 2017, State Farm issued payment in the amount of $10,021.51. State Farm explained that this amount reflected "medical expenses, minus the underlying limits, leaving our bills that we do not have a reasonable basis to dispute, based on the information currently provided."

34. On October 18, 2017, State Farm requested information from Ms. Trujillo regarding her lost wages, including paystubs confirming her regular pay, and promotion pay, and

any physician records excusing her from work.

35. On October 31, 2017, Ms. Trujillo sent documentation of additional medical records and bills, showing medical expenses totaling $40,521.51.

36. On November 13,2 017, State Farm responded by extending an offer of $24,521.51 to resolve Ms. Trujillo's underinsured motorist claim, inclusive of the previous payment of $10,021.51.

37. On December 5, 2017, Ms. Trujillo provided State Farm with additional information about her wage loss as requested by State Farm. Ms. Trujillo provided wage stubs showing her pre-injury earnings, post-injury earnings, wage while on medically authorized short term disability, and her promotion pay. She provided correspondence from the Human Resources director showing authorizations from her medical providers for continued short term disability leave.

38. In that same correspondence, Ms. Trujillo requested that because no medical payments rejection form was produced regarding the separately insured 2015 Ford Fusion, that State Farm proceed to open a medical payments claim with minimal coverage of $5,000. Ms. Trujillo requested a response by December 16, 2017. Despite the fact that December 16, 2017 has come and gone, State Farm failed to open such a claim.

39. On December 21, 2017, State Farm issued a payment of $5,500.00, which included additional monies for medical expenses submitted by Ms. Trujillo. No compensation was paid for her lost wages. In that same letter, State Farm offered $31,541.51 to resolve Ms. Trujillo's claim, inclusive of the prior payments of $10,021.51 and the payment of $5,500.00 enclosed with this letter.

40. Defendant State Farm's offer failed to consider all of Ms. Trujillo's injuries, damages, and losses, and more specifically, her wage loss.

41. Defendant State Farm had a duty to promptly investigate the underinsured motorist claims.

42. Defendant State Farm has delayed and/or denied payment of benefits owed to the Plaintiff pursuant to her underinsured motorist policy.

43. Defendant State Farm has delayed and/or denied payment of benefits owed to the Plaintiff pursuant to the medical payments coverage that should be afforded to her.

44. Defendant State Farm has not provided a reasonable basis for the delay and/or denial of either Plaintiff's benefits under the medical payments and underinsured motorist policies.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract Against Defendant State Farm)

45. Plaintiff incorporates all prior allegations as though fully set forth herein.

46. Sometime prior to the collision, Plaintiff entered into a contract with Defendant State Farm for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving underinsured motorists.

47. Sometime prior to the collision, Plaintiff entered into a contract with Defendant

EXHIBIT A

for the purpose of obtaining automobile insurance, which policy includes coverage for claims involving medical payments related to injuries sustained in auto collisions.

48. Plaintiff is the named insured under the automobile policy, and therefore entitled to enforce its terms.

49. Plaintiff is an intended beneficiary of the policy, and therefore entitled to enforce its terms.

50. At all times pertinent to the within action, all the premiums as required under the contract for insurance were paid to the Defendant State Farm.

51. Plaintiff has advised Defendant State Farm of a claim for underinsured motorist benefits for this incident under its policy of insurance.

52. Plaintiff advised Defendant State Farm of a claim for medical payment benefits for this incident under its policy of insurance and pursuant to state law as no selection/rejection form was produced.

53. Defendant State Farm has refused to pay Plaintiff underinsured motorist benefits owed under the policy; therefore, Defendant State Farm has breached its contract of insurance.

54. Plaintiff is entitled to be compensated by Defendant State Farm for all damages she has incurred, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, loss of earnings and earning capacity, permanency and/or impairment in amounts to be determined at the time of trial up to coverage limits.

## SECOND CLAIM FOR RELIEF

**(Statutory Claim under §10-3-1115 and 10-3-1116)**

55. Plaintiff incorporates all prior allegations as though fully set forth herein.

56. Defendant State Farm has denied and/or delayed payment of benefits to Plaintiff Trujillo without a reasonable basis for its action.

57. Defendant State Farm's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to her and which Defendant State Farm should have previously paid to Plaintiff.

58. In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover from Defendant State Farm two times the covered benefits plus reasonable attorney's fees and court costs.

## THIRD CLAIM FOR RELIEF

**(Common Law Insurance Bad Faith)**

59. Plaintiff incorporates all prior allegations as though fully set forth herein.

60. Defendant State Farm owed Plaintiff a duty to act in good faith in reviewing, adjusting, and settling her claims.

EXHIBIT A

61. Defendant State Farm breached its duties to its insured, and acted in bad faith, through its conduct as described above by engaging in the following, amongst other actions:

   a. Compelling Plaintiff to institute litigation to recover benefits owed under the underinsured motorist bodily injury benefits afforded to her by the insurance policy;

   b. Compelling Plaintiff to institute litigation to recover benefits owed under the medical payments provision of her policy as permitted by law;

   c. Favoring the interests of Defendant State Farm, an insurer, over those of Plaintiff, the insured, to whom State Far owes fiduciary and statutory duties;

   d. Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an underinsured motorist;

   e. Incompetently evaluating Plaintiff's claims.

62. Defendant State Farm's actions are unreasonable.

63. Defendant State Farm knew its conduct was unreasonable or disregarded the fact that its conduct was unreasonable.

64. As a direct result of Defendant State Farm's breaches of its duties to its insured, Plaintiff has been damaged, including, but not limited to:

   a. Being forced to incur additional costs in litigation;

   b. Enduring emotional trauma of being unnecessarily involved in a lawsuit with State Farm;

   c. Being deprived of the use of funds owed to Plaintiff which should have been paid by now, and her credit impaired by debt collection.

Plaintiff reserves the right to amend and seek exemplary damages.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant and in her favor for all damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

Respectfully submitted January 12, 2018,

FRANKLIN D. AZAR & ASSOCIATES, P.C.
By: */s/ Anna N. Martinez*
Anna Martinez, #37756
ATTORNEYS FOR PLAINTIFFS

**Plaintiffs' Address:**
**10101 Jackson Court #10104**
**Thornton, CO 80229**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*

EXHIBIT A