**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 18-cv-0410-WJM-NRN

DESIREE TRUJILLO

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

      Defendant.

---

**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

---

      This action arises out of an automobile accident in which Plaintiff Desiree Trujillo

("Trujillo") was injured by a third party.  (ECF No. 4 ¶¶ 1–2, 10.)  Trujillo made

underinsured motorist ("UIM") claims and medical payments coverage ("MPC") claims

to Defendant State Farm Mutual Automobile Insurance Company ("State Farm").  (ECF

No. 33 at 5, ¶ 4; ECF No. 37 at 2, ¶ 4.)  Trujillo sues State Farm for breach of contract,

common law bad faith breach of an insurance contract, and statutory bad faith breach

of an insurance contract, Colo. Rev. Stat. §§ 10-3-1115 & -1116.  (ECF No. 4

¶¶ 45–64.)

      Now before the Court are the parties' motions for summary judgment.  State

Farm seeks judgment in its favor, first arguing that Trujillo was not covered by any UIM

provision, and therefore State Farm has no obligation to pay her UIM claim.  (ECF No.

33 at 7–10.)  State Farm also seeks summary judgment on Trujillo's MPC claims,

arguing that State Farm is not in breach of any  contract and did not unreasonably

delay payment.  (*Id.* at 10–14.)  Trujillo seeks summary judgment in her favor on "State Farm's Third Affirmative Defense of failure to cooperate, as well as liability on Plaintiff's claim for breach of contract, statutory unreasonable delay or denial, and common law bad faith."  (ECF No. 32 at 1.)

For the reasons discussed below, the Court grants in part and denies in part State Farm's Motion for Summary Judgment (ECF No. 33), and denies Trujillo's Motion for Summary Judgment (ECF No. 32).

## I. BACKGROUND

The following facts are undisputed unless attributed to a party, or otherwise noted.[1]

### A.    The Accident

On October 31, 2016, Trujillo was involved in an automobile accident while driving her 2015 Ford Fusion.  (ECF No. 33 at 3, ¶¶ 1–2; ECF No. 32 at 2, ¶¶ 1–2.) [2]  As a result of the collision, Trujillo sustained injuries requiring medical treatment, and incurred medical expenses and wage losses.  (ECF No. 32 at 2, ¶¶ 4–5; ECF No. 35 at 3, ¶¶ 4–5.)  William Young, the at-fault driver, was insured by Allstate Insurance for up to $25,000 per person.  (ECF No. 32 at 3, ¶ 6.)  State Farm gave its consent for Trujillo to settle her bodily injury claim against Young, and Allstate paid the policy limit

---

[1] The Court notes that Trujillo does not fully comply with the undersigned's Revised Practice Standard III.E.3, which requires that *each* statement of fact in the fact section of a motion for summary judgment "be accompanied by a specific reference to supporting evidence in the record."

[2] All ECF page citations are to the page number in the CM/ECF header, which does not always match the document's internal pagination, particularly in exhibits.

of $25,000 to Trujillo.  (*Id.* ¶¶ 6–7.)

At the time of the accident, Trujillo lived with her friend and roommate, Alyssa Rios, in an apartment in Thornton, Colorado.  (ECF No. 33 at 6, ¶ 18; ECF No. 37 at 4, ¶ 18.)  There is no indication in the record that the women were related by blood or adoption, or in a marriage or civil union.  (ECF No. 33 at 6, ¶¶ 19–20; ECF No. 37 at 5, ¶¶ 19–20.)

**B.      Insurance Policies**

Together, Trujillo and Rios were the named insureds on State Farm automobile insurance policy No. 411-1204-F01-06A for the 2015 Ford Fusion ("Fusion Policy").  (ECF No. 33 at 4, ¶ 5; ECF No. 35-11 at 2.)  The Fusion Policy's declaration page shows that it did not include UIM or MPC coverage.  (ECF No. 33-5.)  Trujillo signed a form rejecting UIM coverage on the Fusion Policy.  (ECF No. 33-6.)

Rios was also the sole named insured on State Farm automobile insurance policy No. 218-7119-B01-06C for a 2009 Toyota Matrix ("Matrix Policy").  (ECF No. 41-1 at 2.)  On February 8, 2016, Rios rejected MPC on the Matrix Policy.  (ECF No. 33 at 4, ¶ 13; ECF No. 37 at 3, ¶ 13; ECF No. 33-8.)  The Matrix Policy had UIM coverage with bodily injury limits of $50,000 per person and $100,000 per accident.  (ECF No. 41-1 at 2.)

The UIM portion of the Matrix Policy provides that State Farm "will pay compensatory damages for ***bodily injury*** an ***insured*** is legally entitled to recover from the owner or driver of an ***uninsured motor vehicle***" provided that the bodily injury is caused by an uninsured or underinsured motor vehicle.  (ECF No. 41-1 at 6–7

(emphasis in original indicating defined terms).)  The UIM portion of the Matrix Policy further defines "insured" as:

> 1. you;
> 2. resident relatives;
> 3. any other person, while occupying a vehicle that is owned by you or owned by any resident relative, and who is provided Liability Coverage through a policy issued by us . . . ; and
> 4. any person entitled to recovery compensatory damages as a result of bodily injury to an insured as defined in 1., 2., or 3. above.

(*Id.* at 6 (emphasis omitted).)[3]

The Matrix Policy defines "you" as "the named insured or named insureds shown on the Declarations Page.  If a named insured shown on the Declarations Page is a person, then 'you' . . . includes the spouse of the first person shown as a named insured if the spouse resides primarily with that named insured."  (*Id.* at 14 (emphasis omitted).)  "Resident relative" is defined as:

> a person, other than you, who resides primarily with the first person shown as a named insured on the Declarations Page and who is:
> 1. related to that named insured or his or her spouse by blood, marriage, or adoption, including an unmarried and unemancipated child of either who is away at school and otherwise maintains his or her primary residence with that named insured; or

---

[3] Trujillo claims that the document in which this definition appears is not "properly admissible evidence under F.R.C.P. 56, and so this paragraph should be stricken."  (ECF No. 37 at 4, ¶ 15.)  Trujillo does not explain why she believes this document to be inadmissible, but the Court presumes her objection is rooted in State Farm's purported failure to produce a copy of the Matrix Policy with a declaration page showing coverage on the date of the incident.  Based on the discussion *infra* in Part III.A.2.a, the Court finds that the document at ECF No. 41-1 is admissible evidence under Rule 56, and there is no reason not to rely on that document for the Matrix Policy terms.

>           2.    a ward or a foster child of that named insured,
>                 his or her spouse, or a person described in 1.
>                 above.

(*Id.* at 13 (emphasis omitted)).)

## C.    Request for Benefits under Insurance Policies

Trujillo notified State Farm of the accident in early June 2017.  (ECF No. 32 at 2, ¶ 3; ECF No. 35 at 3, ¶ 3; *compare* ECF No. 35-3 at 1 (claim reported June 7, 2017) *with id.* at 7 (new claim filed on June 8, 2017).)  Thereafter, Trujillo made claims to State Farm for UIM and MPC benefits.  (ECF No. 33 at 3, ¶ 4.)

### 1.    UIM Benefits

Trujillo states that "[o]n August 22, 2017, State Farm completed its coverage investigation and found that Ms. Trujillo was entitled to underinsured motorist benefits under [the Matrix Policy.]"  (ECF No. 37 at 7–8, ¶ 10.)  State Farm denies that it has "completed its 'coverage investigation' and found Ms. Trujillo was entitled to UIM benefits under the [Matrix Policy]."  (ECF No. 41 at 9, ¶ 10.)  Rather, State Farm's August 22, 2017 notes on Trujillo's claim state "rec'd [received] new claim assignment" and "claim filed for [UIM] coverage."  (ECF No. 41-6 at 2.)  State Farm claims that, at the time, it did not have all relevant information to evaluate Trujillo's entitlement to UIM benefits under the Matrix Policy.  (ECF No. 41 at 9–10, ¶ 10.)  Indeed, State Farm claims that it was unaware that Trujillo and Rios were not legally related until Trujillo's deposition on October 26, 2018.  (ECF No. 35 at 15; *see* ECF No. 33-4.)

On September 6, 2017, State Farm offered Trujillo $19,021.51 to settle her UIM claim.  (ECF No. 32 at 3, ¶ 8.)  Negotiations between Trujillo and State Farm continued

for over a year, with Trujillo supplementing her UIM demand with additional medical records and expenses, and State Farm adjusting its settlement offer.  (*See* ECF No. 32 at 3–7, ¶¶ 10–34; ECF No. 35 at 4–7, ¶¶ 10–34.)  Ultimately, by September 18, 2018, State Farm had made three payments to Trujillo totaling $31,541.51, comprising of $10,021.51 on October 3, 2017, $5,500 on December 21, 2017, and $16,020 on September 18, 2018.  (ECF No. 32 at 7, ¶ 34; ECF No. 35 at 7, ¶ 34; ECF No. 32-10.)

     2.   <u>MPC Benefits</u>

As for Trujillo's MPC claim, State Farm's underwriting team provided the claim handlers available selection/rejection forms relevant to the Fusion Policy and Matrix Policy as of June 15, 2017.  (ECF No. 37 at 6, ¶ 3.)  At that time, State Farm had not found an MPC rejection form for the Fusion Policy.  (ECF No. 41 at 8, ¶ 3.)  On October 3, 2017, State Farm sent Trujillo a letter enclosing the confirmation of coverages for the Fusion and Matrix Policies, the MPC rejection form for the Matrix Policy, and the UIM rejection form for the Fusion Policy.  (ECF No. 41-1.)  It did not send an MPC rejection form for the Fusion Policy.

On December 5, 2017, Trujillo made a formal written demand to open an MPC claim under the Fusion Policy because State Farm had been unable to provide a medical payments rejection form for the Fusion Policy.  (ECF No. 41 at 8, ¶ 5; ECF No. 33-9.)  Thereafter, State Farm was unable to locate an MPC selection/rejection form for the Fusion Policy.  (ECF No. 33 at 6, ¶ 22.)  Because State Farm did not locate an MPC selection/rejection form, it extended $5,000 of MPC coverage to Trujillo.  (ECF No. 33 at 6, ¶ 24.)  On March 16, 2018, State Farm issued a payment for the MPC limit of coverage and sent a check to Trujillo's counsel.  (*Id.* at ¶ 25.)  Trujillo contends that

6

State Farm should have been aware that they did not have the MPC rejection form shortly after she submitted her claim for benefits in June 2017.  (ECF No. 37 at 5, ¶ 22.)

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to the factfinder or, conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson*, 477 U.S. at 251–52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000).  A fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim.  *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001).  An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

### III. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 33)

The Court has diversity jurisdiction over this lawsuit (*see* ECF No. 1 ¶¶ 2–6), and thus applies Colorado law.

### A. UIM Benefits

State Farm argues that Trujillo waived UIM coverage on the Fusion Policy and is not an "insured" under the UIM provision of the Matrix Policy, and thus Trujillo's claims premised on coverage under the policies fail as a matter of law. (ECF No. 33 at 7–9.)

#### 1. No UIM Coverage Under the Fusion Policy

Trujillo did not maintain UIM coverage under the Fusion Policy. Although Trujillo makes a passing claim that she "has a factual basis for presenting a UIM claim on the [Fusion Policy]," she cannot seriously dispute that she rejected UIM coverage under the Fusion Policy. (ECF No. 37 at 4, ¶ 14.) Trujillo attempts to manufacture a factual dispute by attaching to her Response a unsigned confirmation of coverage for the Fusion Policy that seemingly shows that the Fusion Policy carried UIM insurance of $50,000 per person and $100,000 per accident. (ECF No. 37-10 at 2–3.) However, State Farm provides a signed confirmation of coverage for the Fusion Policy that does not show any UIM coverage. (ECF No. 41-4.)

Apart from the unsigned confirmation of coverage, Trujillo states no facts to support her claim that she had UIM coverage on the Fusion Policy. To the contrary, the clear weight of the evidence unquestionably establishes that Trujillo waived UIM coverage on the Fusion Policy. State Farm submits a selection/rejection form signed by Trujillo rejecting UIM coverage on the Fusion Policy. (ECF No. 33-6.) Trujillo at no

point questions the validity of that document. Additionally, at her deposition, Trujillo testified that she rejected UIM coverage on the Fusion Policy, and confirmed that she sought UIM benefits under the Matrix Policy. (ECF No. 33-4 at 7–8.) Under this set of facts, Trujillo has failed to present a genuine dispute that she maintained UIM coverage on the Fusion Policy. The Court therefore finds as a matter of law that Trujillo is not entitled to UIM benefits under the Fusion Policy.

      2.   <u>No UIM Coverage Under the Matrix Policy</u>

State Farm also argues that Trujillo is not an "insured" under the Matrix Policy, and therefore it did not breach the contract by denying Trujillo's continued requests for payments under that policy. (ECF No. 33 at 7–8.) The Court agrees.

Under the plain language of the Matrix Policy, Trujillo is not an "insured." (*See* ECF No. 41-1 at 6.) Trujillo is not the named insured under the Matrix Policy's UIM provision. (*See id.* at 2.) Nor is Trujillo a "resident relative," because she is not related to Rios (the named insured), or to a spouse of the named insured, by blood, marriage, or adoption. (*See id.* at 6; ECF No. 33 at 6, ¶¶ 19–20; ECF No. 37 at 5, ¶¶ 19–20.) Nor was she occupying a vehicle owned by Rios or a resident relative at the time of the accident; Trujillo was driving her own Ford Fusion. (ECF No. 33 at 1, ¶ 2; ECF No. 37 at 2, ¶ 2.)

Trujillo asserts that she shared a household with Rios, and that Trujillo is "identified in documents State Farm produced as a household driver [of] the 2009 Toyota Matrix," but does not cite to any document in the record. (ECF No. 37 at 5, ¶ 20.) State Farm does not appear to dispute that Trujillo was identified in documents as a "household driver" of the 2009 Toyota Matrix, but contends that such identification

9

"does not qualify her as an insured under the policy for purposes of UIM coverage, especially with respect to a vehicle not being driven at the time of the accident." (ECF No. 41 at 6, ¶ 20.) Under the plain language of the policy, sharing a household (absent a certain legal relationship), or being listed as a "household driver," does not contractually cause an individual to become an insured under the Matrix Policy.

Absent some argument by Trujillo as to why the plain language of the Matrix Policy should not apply, Trujillo is not an "insured" under the Matrix Policy. Trujillo does not really attempt to argue that she is, in fact, covered by the Matrix Policy. (ECF No. 37 at 4, 9–16.) Instead, she claims that State Farm has not shown that the version of the Matrix policy on which State Farm relied was the operative version at the time of the incident. Trujillo proceeds to argue that State Farm has waived its right to assert non-coverage in this litigation and is estopped from denying coverage. (*Id.*) The Court will address these issues in turn.

      a.    *There is no genuine dispute that the Matrix Policy submitted at ECF No. 41-1 applied at the time of the accident.*

In her Response, Trujillo repeatedly partially denies State Farm's statements of facts related to the Matrix Policy because "State Farm has not produced a declarations page for [the Matrix Policy] that covers the date of incident" and "has not produced a certified copy of this policy." (*See, e.g.*, ECF No. 37 at 3–4, ¶¶ 11–17.) State Farm attaches to its Reply a certified copy of the Matrix Policy, along with an explanation that the policy was in place on the date of Trujillo's accident. (*See* ECF No. 41-1.) While the declaration page of that document shows a policy period from February 8, 2016 to August 1, 2016, the certification explains that it is "State Farm's business practice to

print a new Declarations Page only when a policy issuance transaction . . . occurs," and therefore "the included Declarations Page which was in effect at the time of loss will indicate the policy period of the last policy issuance transaction." (*Id.* at 1–2.)  The certification goes on to state that the certified policy "was in effect on the loss date of 10/31/2016." (*Id.*)  Moreover, Trujillo does not dispute the applicable coverage language, suggest that the copy of the Matrix Policy is inaccurate, argue that another version of the policy was in place at the time of the accident, or produce any evidence to suggest that the Matrix Policy was amended between August 1, 2016 and October 31, 2016.  In short, Trujillo has no evidentiary basis to dispute that the Matrix Policy in effect on the date of the accident was anything other than the document on which State Farm relies.

While the Court acknowledges the concerns raised by Trujillo, it finds that they are adequately addressed in State Farm's Reply.  The Court further finds that Trujillo has failed to demonstrate a *genuine* factual dispute over the applicability of the Matrix Policy in effect at the time of the accident.  The document at ECF No. 41-1 was the Matrix Policy in effect on the date of the accident.[4]  Thus, as discussed above, under the plain language of the Matrix Policy, Trujillo is not an "insured."

> b.    *State Farm did not waive its right to raise a defense of non-coverage*.

Next, Trujillo claims that State Farm waived its defense of non-coverage by failing to raise it until the summary judgment phase.  (ECF No. 37 at 10–12.)  In its

---

[4] The existence of a contract is an element of Trujillo's case-in-chief.  *See W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).  If ECF No. 41-1 is *not* the policy at issue, Trujillo must produce the actual, operative policy, or her breach of contract claim fails at the outset.

Reply, State Farm argues that it raised coverage issues in its Answer to the Complaint; it asserted an affirmative defense of lack of coverage in its Answer; and that payments issued by State Farm do not support waiver of a coverage defense under these facts. (ECF No. 41 at 14.)

Under Federal Rule of Civil Procedure 8(c), a defense is waivable if it is an affirmative defense. *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1302 (10th Cir. 2003). An affirmative defense is one that would entitle State Farm to judgment even if Trujillo could prove all of the elements of her claim, *see Purzel Video GmbH v. St. Pierre*, 10 F. Supp. 3d 1158, 1170 (D. Colo. 2014); on which State Farm would bear the burden of persuasion, *see, e.g.*, *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 57 (2005); *Martinez v. Naranjo*, 328 F.R.D. 581, 594 (D.N.M. 2018); and that is required to be pleaded in the answer, Fed. R. Civ. P. 8(c)(1).

Trujillo's waiver argument rests on the notion that non-coverage is an affirmative defense, as opposed to a particular approach to undermining Trujillo's proof of her claims. Upon review of the Complaint, Answer, parties' arguments, and relevant caselaw, the Court finds that lack of coverage is not an affirmative defense to Trujillo's claims; rather lack of coverage is a defense to negate an element of Trujillo's claims. *See Purzel Video*, 10 F. Supp. 3d at 1170. Trujillo bears the burden of proof to show she is entitled to benefits under the Matrix Policy. *See Fid. Nat'l Title Ins. Co. v. Woody Creek Ventures, LLC*, 830 F.3d 1209, 1212 (10th Cir. 2016) (insured bears initial burden of demonstrating that coverage of claim falls within policy language). Because lack of coverage is not an affirmative defense, State Farm was not required to raise it

affirmatively in its answer, and the defense is not subject to waiver for failure to plead it in an answer.[5]

The Court thus finds that State Farm may dispute Trujillo's claim of coverage in its Motion for Summary Judgment.

           c.     *State Farm is not estopped to deny Trujillo UIM coverage*.

"The rule is well established that the doctrines of implied waiver and estoppel, based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom. . . ." *Empire Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 764 P.2d 1191, 1198 (Colo. 1988) (quoting *Hartford Live Stock Ins. Co. v. Phillips*, 372 P.2d 740, 742 (Colo. 1962)).

Plaintiff recognizes that estoppel cannot create coverage where none exists. (ECF No. 37 at 12.) Nonetheless, she argues that State Farm is estopped from denying her coverage under the Matrix Policy, which, as discussed above, does not cover her claims. (*Id.*) She relies on two cases that state that when an insurer "with knowledge of a ground of forfeiture or non-coverage under the policy, assumes and

_____

[5] Even if the defense were subject to waiver, State Farm's affirmative defenses sufficiently gave Trujillo notice that it might claim lack of coverage. State Farm's second affirmative defense suggests that Trujillo's claims are barred because Trujillo lacked a "valid and complete claim" under Colorado Code of Regulations § 702-5:5-1-14 Section 4(A)(2). (ECF No. 41-1 at 5.) Under that regulation, a claim is "valid and complete" only when, among other things, coverage under the policy for the insured has been established for the claim submitted. Colo. Code Regs. § 702-5:5-1-14 Section 4(A)(2)(a)(4). Finally, State Farm's third affirmative defense asserted that "[a]ll or part of the Complaint is barred or reduced by the terms and conditions of the Policy, including but not limited to . . . UNINSURED MOTOR VEHICLE COVERAGE, Insuring Agreement, sections 1 and 2." That section of the Matrix Policy defines State Farm's obligations to pay UIM benefits. (ECF No. 41-1 at 7.) Thus, State Farm provided sufficient notice that it might challenge Trujillo's coverage under the policies.

conducts the defense of an action brought against the insured without disclaiming liability and giving notice of its reservation of rights, it may thereafter be precluded from claiming noncoverage when its conduct has prejudiced the insured." *Mgmt. Specialists, Inc. v. Northfield Ins. Co.*, 117 P.3d 32, 37 (Colo. App. 2004); *see Gen. Acc. Fire & Life Assur. Corp. v. Mitchell*, 259 P.2d 862, 868 (Colo. 1953). The Tenth Circuit recently summarized the requirements for this exception to the limitation on estoppel as follows: "1. The insurer knew of the noncoverage. 2. The insurer assumed defense of the action without a reservation of rights. 3. The insured relied to its detriment on the insurer's defense." *Evanston Ins. Co. v. Law Office of Michael P. Medved, P.C.*, 890 F.3d 1195, 1201 (10th Cir. 2018). Plaintiff argues that she falls within this exception.

These cases are inapposite. In this case, State Farm has not assumed and conducted defense of a third-party action *brought against the insured*; rather, it has defended an action brought against it *by the insured*. Trujillo has not and cannot show that State Farm assumed defense of an action against Trujillo. Nor does Trujillo articulate any other potentially applicable exception to the limitation on estoppel. Absent any reason to deviate from the general rule that estoppel cannot create coverage where none exists under the policy, the Court finds that State Farm is not estopped from raising non-coverage in its Motion for Summary Judgment.

3. <u>Claims Premised on UIM Coverage</u>

Based on the foregoing, State Farm is not required to pay UIM benefits to Trujillo under the Fusion Policy or Matrix Policy. Therefore, Trujillo cannot state a breach of contract claim for UIM benefits. *See Diodosio*, 841 P.2d at 1058 (defendant's failure to

perform contract is an essential element of a breach of contract claim). Accordingly, the Court grants State Farm's Motion for Summary Judgment in its favor on Trujillo's breach of contract claim (Claim 1) arising out of nonpayment of UIM benefits.

Given the Court's conclusion that Trujillo is not entitled to UIM coverage under the Fusion Policy and Matrix Policy as a matter of law, her common law and statutory bad faith breach of an insurance contract (Claims 2 & 3) also fail as a matter of law. *See MarkWest Hydrocarbon, Inc. v. Liberty Mut. Ins. Co.*, 558 F.3d 1184, 1192–93 (10th Cir. 2009) ("It is settled law in Colorado that a bad faith claim must fail if, as is the case here, coverage was properly denied and the plaintiff's only claimed damages flowed from the denial of coverage."); *see also Gerald H. Phipps, Inc. v. Travelers Prop. Cas. Co. of Am.*, 679 F. App'x 705, 710 (10th Cir. 2017). The Court therefore grants State Farm's Motion for Summary Judgment on Trujillo's common law and statutory bad faith breach of an insurance contract claims arising out of nonpayment of UIM benefits, and denies Trujillo's Motion for Summary Judgment on those same claims.

## B. MPC Benefits

State Farm also argues that Trujillo has failed to present any facts from which a jury could determine that State Farm failed to pay MPC benefits or unreasonably delayed payment of MPC benefits. (ECF No. 33 at 10–14.)

### 1. Breach of Contract Claim

State Farm first argues that it has issued the MPC policy limit of $5,000 to Trujillo, and thus Trujillo cannot claim breach of contract. (*Id.* at 10.) Trujillo does not dispute that State Farm has paid the maximum MPC benefit available, even though it

did so only after Trujillo commenced this litigation. (ECF No. 33 at 6, ¶ 25; ECF No. 37 at 5, ¶ 25.) There is no indication that she refused the $5,000 for MPC benefits or accepted the money and reserved her right to maintain a lawsuit for breach of contract. Moreover, Trujillo's Response also fails to address State Farm's argument that payment of the full amount of MPC benefits moots Trujillo's claim because she can no longer show that State Farm failed to perform under the contract.

Because State Farm has paid the full MPC benefits, and Trujillo makes no argument that the claim should not be resolved, there is no genuine dispute of fact or argument that State Farm is in breach of contract. The Court thus grants this portion of State Farm's Motion for Summary Judgment.

2. <u>Common Law and Statutory Bad Faith Breach Claims</u>

Trujillo's remaining claims are for common law and statutory bad faith breach of an insurance contract for unreasonable delay in the payment of MPC benefits. (ECF No. 4 at 5–6, ¶¶ 55–64.) Common law and statutory claims premised on the unreasonable delay in payment of benefits arguably survive dismissal of the underlying breach of contract claim. *See Goodson v. Am. Standard Ins. Co. of Wisc.*, 89 P.3d 409, 414 (Colo. 2004) ("Therefore, the fact that an insurer eventually pays an insured's claims will not prevent the insured from filing suit against the insurer based on its conduct prior to the time of payment."); *Am. Family Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185 (Colo. 2018). Both common law and statutory claims require Trujillo to show that State Farm's conduct was unreasonable. *See Goodson*, 89 P.3d at 415; Colo. Rev. Stat. § 10-3-1116. The common law claim also requires Trujillo to show that

State Farm acted with knowledge or reckless disregard of its unreasonableness. *See Goodson*, 89 P.3d at 415.

State Farm posits that after receiving the demand letter for MPC benefits on December 5, 2017, it "timely responded to Plaintiff's request," and paid the full amount of MPC benefits on March 16, 2018. (ECF No. 33 at 11–13.) State Farm thus asks the Court to hold that it acted reasonably. Trujillo contends that a jury should determine reasonableness. (ECF No. 37 at 16.)

Taking the facts in the light most favorable to Trujillo, the Court finds that it cannot decide as a matter of law that State Farm's delay in payment of MPC benefits under the Fusion Policy until March 16, 2018 was reasonable. Trujillo has presented facts from which a reasonable jury could determine that State Farm acted unreasonably, and with knowledge or reckless disregard as to its alleged unreasonableness. Arguably, Trujillo's claim in June 2017 should have triggered an investigation into the benefits owed to Trujillo under the Fusion Policy and whether Trujillo actually waived MPC benefits. Alternatively, State Farm arguably knew that it did not have an MPC rejection form from Trujillo on October 3, 2017, when it mailed other coverage and rejection forms to Trujillo. (ECF No. 41-4.) Trujillo's December 3, 2017 demand letter for MPC benefits also put State Farm on notice as to her MPC benefit claim, but State Farm did not pay MPC benefits under the policy for another four months. (ECF No. 33-9.)

Finally, Trujillo submitted evidence in the form of State Farm's claim notes, which show that, as of January 10, 2018, State Farm determined that it would extend MPC coverage under the Fusion Policy because it lacked a rejection form. (ECF No. 33-10

17

at 2–3.)  Nonetheless, State Farm waited an additional two months after it determined that it owed Trujillo MPC benefits to issue the MPC payment.  (ECF No. 33-11.)  State Farm offers no explanation that might justify this further two month delay.  From these facts, a reasonable jury could find that State Farm unreasonably delayed payment and did so with knowledge or reckless disregard as to its reasonableness.

The Court is satisfied that Trujillo has shown a genuine issue of material fact on these claims, and that the reasonableness of State Farm's conduct may be decided by a jury.  The Court thus denies State Farm's Motion for Summary Judgment on Trujillo's common law and statutory bad faith delay claims arising out of the MPC payment.

## C. Trujillo's Request for Additional Discovery

At the end of her Response, Trujillo asks that, if the Court intends to grant State Farm's Motion for Summary Judgment, the Court instead delay ruling to allow Plaintiff to seek additional discovery and potentially amend her Complaint to include claims of negligent misrepresentation and promissory estoppel.  (ECF No. 37 at 16–17.)  Trujillo states that she intends to seek discovery related to her application for insurance and other facts surrounding the issuance of the Fusion and Matrix Policies that would potentially support amended claims.  The additional discovery Trujillo seeks is unrelated to her breach of contract or bad faith breach of insurance contract claims, and therefore would not impact the Court's ruling today.  Because State Farm's Motion for Summary Judgment is not granted in its entirety, the case remains pending.  Thus, Trujillo may take any steps that she sees fit to litigate her remaining claims, provided that she complies with the Federal Rules of Civil Procedure.  The Court thus denies Trujillo's request to delay ruling on State Farm's Summary Judgment Motion.

### IV. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 32)

Trujillo moves for summary judgment in her favor on all her three causes of action arising out of delay or denial of UIM and MPC benefits, as well as State Farm's affirmative defense of failure to cooperate. (ECF No. 32 at 7–15.)

**A.     UIM Benefits**

As discussed above, Trujillo is not entitled to UIM coverage under the Fusion and Matrix Policies, and the Court therefore denies Trujillo's Motion for Summary Judgment on her breach of contract and unreasonable delay or denial claims stemming from her UIM claim.

**B.     MPC Benefits**

Trujillo's Motion for Summary Judgment focuses entirely on the delay and denial of her UIM benefits. Even broadly construing her arguments to include MPC benefits, the Court finds that Trujillo has not met her burden on summary judgment.

As discussed above, the Court grants summary judgment in favor of State Farm on Trujillo's breach of contract claim arising out of nonpayment of MPC benefits. Accordingly, to the extent Trujillo moves for summary judgment in her favor on her breach of contract claim arising out of MPC benefits, her motion is denied.

As for Trujillo's claim for unreasonable delay of MPC benefits, State Farm has offered explanations for the various delays discussed above. The facts presented are not so one-sided that Trujillo must prevail as a matter of law. *See Anderson*, 477 U.S. at 248–49. Accordingly, the Court denies Trujillo's Motion for Summary Judgment on her remaining MPC claim.

**C.      State Farm's Affirmative Defense of Non-Cooperation**

Trujillo asks the Court to strike State Farm's affirmative defense of non-cooperation.  All of Trujillo's arguments about striking State Farm's non-cooperation defense concern UIM benefits, not MPC benefits.  (ECF No. 32 at 12–15.)  Because the Court has granted summary judgment in State Farm's favor on claims arising out of the UIM benefits, the Court need not consider whether to strike State Farm's affirmative defense as it relates to those claims.  The Court thus denies the remainder of Trujillo's Motion for Summary Judgment.

## V. CONCLUSION

The sole remaining claims in this litigation are Trujillo's claims of common law and statutory unreasonable delay in payment of the MPC benefits under the Fusion Policy.  Without prejudging the issues, the Court notes that Trujillo's remaining claims are for a relatively low-dollar amount compared to the claims at issue at the outset of the litigation, in addition to the fact that State Farm may very well be entitled to an offset for benefits paid but not owed to Trujillo.  Given the procedural posture of the case, the Court strongly encourages the parties to consider settling the case, hiring a private mediator, or moving for a settlement conference before the magistrate judge.  As the date of trial is imminent, the parties should undertake these efforts promptly.  Given the low monetary value of Plaintiffs' remaining claims, a full jury trial in federal court on these claims would not be in the interest of the parties, their counsel, or the Court.

For the reasons set forth above, the Court ORDERS as follows:

1.    Defendant State Farm Mutual Automobile Insurance Company's Motion for
      Summary Judgment (ECF No. 33) is GRANTED IN PART and DENIED IN
      PART;

2.    Defendant's Motion for Summary Judgment is granted in favor of Defendant on
      the following claims:

      a.    Claim 1 (breach of contract) in its entirety; and

      b.    Claims 2 and 3 (common law and statutory bad faith breach of insurance
            contract) to the extent they arise out of the denial of UIM benefits under
            the Fusion Policy and the Matrix Policy;

3.    Defendant's Motion for Summary Judgment is DENIED in all other respects;

4.    Plaintiff Desiree Trujillo's Motion for Summary Judgment (ECF No. 32) is
      DENIED; and

5.    This matter REMAINS SET for a Trial Preparation Conference on November 1,
      2019 at 2:00 p.m., and a 5-day jury trial starting on November 18, 2019 at 8:30
      a.m., both in Courtroom A801.

      Dated this 23rd day of August, 2019.

                                                  BY THE COURT:


                                                  _____
                                                  William J. Martínez
                                                  United States District Judge